# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| BENJAMIN FRANKLIN MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV416-033 |
| ) | |
| ERIC K. FANNING, ) | |
| Secretary of the Army, ) | |
| ) | |
| Defendant. ) | |

## AMENDED ORDER

Benjamin Franklin Miller, a former U.S. Army employee, has filed this Title VII sexual harassment, retaliation, and wrongful discharge lawsuit against the U.S. Army (nominally naming Erik K. Fanning, who is the Secretary of the Army). Doc. 1 at 1. Proceeding *pro se*, plaintiff also moves for leave to proceed *in forma pauperis* (IFP), and for appointment of counsel. Docs. 2 & 3. Because the Court finds Miller indigent, it **GRANTS** his IFP motion (doc. 3) and preliminarily screens his case under 28 U.S.C. § 1915(e)(2), which requires dismissal of any IFP action when the action or appeal is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from

such relief. 28 U.S.C. § 1915(e)(2).

## I. GOVERNING STANDARDS

### A. Title VII and the Military

Title VII commands that "[a]ll personnel actions affecting employees . . . in military departments . . . shall be made free from any discrimination based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16. It "provides the exclusive judicial remedy for claims of discrimination in federal employment." *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835 (1976); *Rouse v. Green*, 359 F. App'x. 956, 957 (11th Cir. 2010); *see also Thompson v. McHugh*, 388 F. App'x 870, 872 (11th Cir. 2010) ("Title VII waives sovereign immunity when a federal employee seeks relief for unlawful employment practices -- that is, for "any discrimination based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16(a), (c).").

Construing Miller's Complaint liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007),[1] he has pleaded facts showing that he was a U.S. Army

---

[1] Pleading stage claims are analyzed under Fed. R. Civ. P. 8 & 12:

> Rule 8 requires that federal courts give pleadings a liberal reading in the face of a [Rule] 12(b)(6) motion to dismiss. This admonition is particularly true when

2

employee and not an independent contractor. *See* doc. 1 at 9 (Dep't of Army administrative appeal denial letter denying his claim on the merits, indicating that he was an employee).

## B. Sexual Harassment

Title VII prohibits employers from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race [or] . . . sex." 42 U.S.C. § 2000e-2(a)(1). . . . To establish a hostile environment sexual harassment claim under Title VII, an employee must show:

> (1) that he or she belongs to a protected group; (2) that the employee has been subject to unwelcome sexual harassment, such as sexual advances, requests for sexual favors, and other conduct of a sexual nature; (3) that the harassment must have been based on the sex of the employee; (4) that the harassment

---

the parties are proceeding *pro se*. Courts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education. *See, e.g., Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, *see Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991), or to rewrite an otherwise deficient pleading in order to sustain an action, *see Pontier v. City of Clearwater*, 881 F. Supp. 1565, 1568 (M.D. Fla. 1995).

*GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010); *Butler v. Broward County Cent. Examining Bd.*, 367 F. App'x 992-93 (11th Cir. 2010). Formulaic recitations of a claim's elements will not suffice; every complaint must contain sufficient factual matter which, if accepted as true, states a claim to relief that is plausible on its face. *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1301 (11th Cir. 2010); *Grissett v. H.J. Baker Bros.*, 2015 WL 5734452 at * 1 (S.D. Ala. Sept. 30, 2015).

was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) a basis for holding the employer liable.

*Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1245 (11th Cir. 1999) (cite omitted). To establish a *prima facie* case for hostile work environment as a result of sexual harassment, Miller's pleadings must establish that: (1) he belongs to a protected group; (2) he was subjected to unwelcome harassment; (3) the conduct was based on his sex; (4) the harassment was sufficiently severe or pervasive to alter the terms or conditions of employment and create a discriminatorily abusive working environment; and (5) his employer is responsible for that environment under either a theory of direct or vicarious liability. *Mendoza*, 195 F.3d at 1245; *Madrid v. Homeland Security Solutions Inc.*, 141 F. Supp. 3d 1351, 1359 (M.D. Ga. 2015).

"In that regard, federal employment laws are not a 'general civility code,' and only harassment severe or pervasive enough to alter the terms of employment will create an actionable hostile work environment. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 789, 118 S. Ct. 2275 (1998) (citing *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 80, 118

4

S. Ct. 998 (1993))." *Jamous v. Saint-Gobain Corporation*, 2016 WL 4206320 at * 12 (N.D. Ala. Aug. 10, 2016) *see also Millwood-Jones v. Holder*, 2016 WL 1189494 at * 10 (S.D. Ga. Mar. 22, 2016) (analyzing the "severe and pervasive" element).

### C. Wrongful Termination

Wrongful termination based on a prohibited Title VII factor requires the plaintiff to plead supporting facts (*e.g.*, "My employer terminated me solely because I am black."). One may also premise Title VII liability on a constructive discharge. *McConnell v. University of Alabama Healthcare Systems*, 2016 WL 4132260 at * 5 (S.D. Ala. Aug. 3, 2016) ("'A constructive discharge occurs when a discriminatory employer imposes working conditions that are so intolerable that a reasonable person in [the employee's] position would have been compelled to resign. *Fitz v. Pugmire Lincoln-Mercury*, Inc., 348 F.3d 974, 977 (11th Cir. 2003) (internal quotes omitted).").

### D. Retaliation

Employers are prohibited from retaliating against an employee "because he has opposed any practice made an unlawful employment

practice by this subchapter (Title VII), or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [42 U.S.C. § 2000e-3(a)]." *Little v. United Techs., Carrier Transicold Div.*, 103 F.3d 956, 956 (11th Cir. 1997) (citing 42 U.S.C. § 2000e-3(a)). A plaintiff pleads a *prima facie* retaliation case by showing that (1) he engaged in statutorily protected activity; (2) he suffered a materially adverse action; and (3) there was a causal connection between that protected activity and the materially adverse action. *Howard v. Walgreen Co.*, 605 F.3d 1239, 1244 (11th Cir. 2010).

> Under th[at] framework, if a plaintiff establishes a *prima facie* case of retaliation, a presumption of retaliation arises, and the burden of production shifts to the defendant to rebut the presumption by articulating a legitimate, non-discriminatory reason for the adverse employment action. If the employer articulates such a reason, the presumption raised by the *prima facie* case is rebutted and drops from the case. The plaintiff then has a full and fair opportunity to demonstrate that the defendant's proffered reason was merely a pretext to mask discriminatory actions.

*Savage v. Secretary of Army*, 439 F. App'x 828, 830 (11th Cir. 2011) (quotes and cites omitted); *Gardner v. Aviagen*, 454 F. App'x 724, 728 (11th Cir. 2011). The pleading requirements are reasonably demanding in this particular area because merely claiming that a "bad write up" was

6

discriminatory (or retaliatory) often will not suffice:

> A Title VII discrimination claim rarely may be predicated merely on [an] employer's allegedly unfounded criticism of an employee's job performance, where that criticism has no tangible impact on the terms, conditions, or privileges of employment. Subsequent Eleventh Circuit cases have essentially transformed "rarely" into "never." *See, e.g., Barnett v. Athens Regional Medical Center, Inc.*, 550 Fed. Appx. 711, 713 (11th Cir. 2013) ("We have held [in *Davis v. Town of Lake Park, Fla.*, 245 F.3d 1232, 1242 (11th Cir. 2001)], that memoranda of reprimand or counseling that amount to no more than a mere scolding, without any following disciplinary action, do not rise to the level of adverse employment actions sufficient to satisfy the requirements of Title VII.") (internal quotes omitted); *Wallace v. Georgia Department of Transportation*, 212 Fed. Appx. 799, 801 (11th Cir. 2006) ("Under the standard articulated in *Davis*, [there was no] adverse employment action [because] [t]he written reprimand did not lead to any tangible harm in the form of lost pay or benefits [and] there is no evidence that [the plaintiff] has been denied job promotions as a result of the written reprimand."); *Embry v. Callahan Eye Foundation Hospital*, 147 Fed. Appx. 819, 828-29 (11th Cir. 2005) (plaintiff "failed to cite evidence showing that this reprimand resulted in her suffering any tangible consequences in the form of loss of pay or benefits, and it, thus, was not an 'adverse employment action.' ") (citing *Davis*).

*McConnell*, 2016 WL 4132260 at * 4.

## II. ANALYSIS

The form Title VII Complaint Miller used asked him to "[d]escribe the discriminatory actions or events that you are complaining of in this lawsuit. Give factual detail, including names and dates concerning what

happened. You do not need to refer to any statutes or law." Doc. 1 at 3 ¶ 10. Other than laundry listing his claims (he wrote: "Sexual Assault," "Retaliation" and "Wrongful Termination," doc. 10 at 3 ¶ 10), Miller left this blank. He did attach filings from what appears to be his administrative appeal within Army channels, but he cites nothing from them to satisfy the elements of a *prima facie* case as set forth above.

The Court is not Miller's attorney and cannot provide him with legal assistance. *See Kaiser v. Steele*, 2016 WL 1296388 at *1 (11th Cir. April 4, 2016) (courts "will not act as . . . "*de facto* counsel" for litigants). Nor can it research the law and plead supporting facts for him. *Boles v. Riva*, 565 F. App'x 845, 846 (11th Cir. 2014) ("[E]ven in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.") (quotes and cite omitted); *Sec'y, Fl. Dept. of Corr. v. Baker*, 406 F. App'x 416, 422 (11th Cir. 2010); *Swain v. Colorado Tech. Univ.*, 2014 WL 3012693 at * 1 (S.D. Ga. June 12, 2014) ("While Congress has chosen to provide indigents with access to the courts by way of its IFP statute, it has not funded a *pro se* support function. Judges, then, at

most can construe liberally what *pro se* litigants say factually, but they cannot develop legal arguments or plug the legal holes in their cases for them.").

Nevertheless, "when a more carefully drafted complaint might state a claim, a district court should give a *pro se* plaintiff at least one chance to amend the complaint before the court dismisses the action." *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015); *Epps v. Hein*, 2016 WL 3208950 at * 4 (S.D. Ga. June 7, 2016); *see also* Fed. R. Civ. P. 15.

In light of his *pro se* status, the Court will allow Miller that chance. He has 21 days from the date this Order is served to file an Amended Complaint curing the above-illuminated deficiencies. It must include a "short and plain statement" of his claim, Fed. R. Civ. P. 8(a)(2), and the facts, not legal conclusions, supporting his position. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). He doesn't need to "present every last detail" of his case, *Swain*, 2014 WL 3012693 at * 2, but he must give "fair notice of what the . . . claim is and *the grounds upon which it rests.*" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (emphasis added). Those grounds must present the elements of each legal claim, and follow all

procedural rules, including Fed. R. Civ. P. 8 & 10.² *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007)) ("We construe *pro se* briefs liberally, but *pro se* litigants nonetheless must conform to procedural rules.").³

Meanwhile, the Court **DENIES** Miller's motion for appointment of counsel.⁴ Doc. 2.

---

2   He is reminded that he cannot present here any claims that he failed to present to the EEOC. *See, e.g., Richardson v. JM Smith Corp.*, 473 F. Supp. 2d 1317, 1331 (M.D. Ga. 2007) (declining to permit plaintiff to bring unexhausted claim of religious discrimination that was never presented to the EEOC); *see also Enwonwu v. Fulton-DeKalb Hosp. Auth.*, 286 F. App'x 586, 600 (11th Cir. 2008) (claim of racial and national origin discrimination could not have been reasonably expected to grow out of an EEOC disability charge); *Scott v. Kindred Hosps. Ltd.*, 2006 WL 2523093 at *2-3 (N.D. Ga. Aug. 28, 2006) (dismissing claim for racial discrimination as unexhausted where plaintiff had only alleged age and disability discrimination in her EEOC charge).

3   Ignoring court orders risks dismissal. *See* L.R. 41(b); *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) (district courts may *sua sponte* dismiss an action pursuant to Fed. R. Civ. P. 41(b) if the plaintiff fails to comply with court rules or a court order); *Donaldson v. Clark*, 819 F.2d 1551, 1557 n. 6 (11th Cir.1987) (district court has inherent authority to sanction parties for "violations of procedural rules or court orders," up to and including dismissals with prejudice).

4   28 U.S.C. § 1915 was designed to enable access to the courts by indigent litigants. It thus permits the waiver of prepayment of fees and costs, 28 U.S.C. § 1915(a), but Congress choose not to spend taxpayer money on free lawyers for indigent civil litigants. There is, after all, no constitutional right to counsel in a civil case. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir.1999); *see also Davis v. City of Chicago*, 219 F.R.D. 593, 598 n. 6 (N.D. Ill. 2004) ("[A] Defendant in a civil case has no constitutional right to counsel.").

Instead, Congress passed § 1915(e)(1), which basically authorizes a judge to "pressure an attorney to work for free." *Williams v. Grant*, 639 F. Supp. 2d 1377, 1381 (S.D. Ga. 2009) (noting the "professional compulsion" lurking behind a judge's 28 U.S.C. § 1915(e)(1) request); *Nixon v. United Parcel Service*, 2013 WL 1364107 at * 2

**SO ORDERED**, this   25th   day of August, 2016.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

n. 3 (M.D. Ga. Apr. 3, 2013).  Even at that, a judge may do so "only in exceptional circumstances," *Bass*, 170 F.3d at 1320, and a routine Title VII case isn't one of them. *Evans v. Georgia Regional Hospital*, 2015 WL 5316694 at * 5 (S.D. Ga. Sept. 10, 2015).